**SIGNED THIS: January 17, 2006**

_____
GERALD D. FINES
UNITED STATES CHIEFBANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAYSLETT/JUDY OIL, INC., ) | Bankruptcy Case No. 03-91436 |
| ) | |
| Debtor. ) | |
| | |
| GEOCON ENGINEERING, INC., ) | |
| an Illinois Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 05-9043 |
| ) | |
| HAYSLETT/JUDY OIL, INC., ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on a Complaint filed by Plaintiff, Geocon Engineering, Inc., seeking the imposition of a constructive trust; the Court, having reviewed the stipulated facts submitted by the parties and the memoranda of law and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The parties have stipulated to the material facts in this matter, and they are, in pertinent part, as follows:

1. The Defendant/Debtor, Hayslett/Judy Oil, Inc., filed for relief under Chapter 11 of the Bankruptcy Code on April 21, 2003.

2. The Plaintiff, Geocon Engineering, Inc., is a creditor of the Defendant/Debtor.

3. At all relevant times, the Defendant/Debtor corporation has owned and controlled a gasoline service station located at 105 South Chicago Street, Milford, Illinois.

4. On December 6, 2002, the Plaintiff and Defendant/Debtor entered into a written agreement for the performance of certain environmental engineering services at the Defendant/Debtor's gasoline service station in Milford, Illinois.

5. The Plaintiff obtained authorization from the Office of the Illinois State Fire Marshal to seek payment of costs for the subject environmental engineering services from the Illinois Environmental Protection Agency in that the services were for the remediation of certain environmental conditions on the Defendant/Debtor's above-described real estate.

6. The Plaintiff commenced the performance of the services set forth in the agreement executed with the Defendant/Debtor (said agreement was submitted for review by the Court labeled "Exhibit A" to the parties' stipulation of facts), and said services were completed as contemplated under the parties' agreement.

7. The Plaintiff submitted to the Defendant/Debtor and the Defendant/Debtor thereafter submitted to the Illinois Environmental Protection Agency a complete Early Action Reimbursement Billing Package, which contained all the pertinent items of correspondence to and from the required State authorities pertinent to the services performed by the Plaintiff, and further included the Plaintiff's billing information and statements provided to the Defendant/Debtor. The total bill submitted by the Plaintiff to the Defendant/Debtor and, in turn, submitted by the Plaintiff to the Illinois Environmental Protection Agency was $33,173.69.

8. The Illinois Environmental Protection Agency approved the Billing Package submitted by the Defendant/Debtor on behalf of the Plaintiff in the amount of $18,777.46, which represented a net sum due to the Plaintiff after deducting a $10,000 deductible required by State law and certain costs and expenses deemed by the Illinois Environmental Protection Agency to be ineligible for reimbursement.

9. Thereafter, the Defendant/Debtor received the sum of $18,777.46 from the Office of the Comptroller of the State of Illinois, and deposited said sum into its checking account.

10. Rather than remitting the full sum of $18,777.46 to the Plaintiff, the Defendant/Debtor sent a letter to counsel for Plaintiff seeking authority to pay the sum in three installments.

11. The parties agree that two installments, each in the sum of $6,000 were paid to the Plaintiff, leaving a balance due in the amount of $6,777.46, which balance remains unpaid at this time.

12. The reimbursement of $18,777.46 from the Illinois Environmental Protection Agency made to the Defendant/Debtor on behalf of the Plaintiff occurred subsequent to the Defendant/Debtor filing for Chapter 11 relief. It is apparent from the facts that the parties agreed that reimbursement would be sought and the funds paid to the Plaintiff, despite the filing for bankruptcy relief by the Defendant/Debtor, so long as the Plaintiff agreed to complete whatever additional services would be required by the State. There is no dispute that the Plaintiff has completed the services required, and that the sum of $6,777.46 remains unpaid.

13. On May 4, 2005, the Plaintiff, Geocon Engineering, Inc., filed the Complaint presently before the Court seeking the imposition of a constructive trust on the funds received by the Defendant/Debtor from the State of Illinois, and, further, for an order from

the Court directing that the Defendant/Debtor pay Plaintiff the sum of $6,777.46 as part of this Court's judgment.

## Conclusions of Law

In order to determine a property right as asserted by the Plaintiff herein, the Court must look to State law. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979); In re Iowa Railroad, 840 F.2d 535, cert. denied at 488 U.S. 899, 109 S.Ct. 244 (1988). Under Illinois law, the burden of proving the existence of a constructive trust rests with the party seeking to establish it. Suttles v. Vogel, 126 Ill.2d 186, 533 N.E.2d 901 (1988).

In Illinois, Courts generally only impose a constructive trust in two instances: (1) where actual or constructive fraud is considered as equitable grounds for raising a constructive trust, and (2) where there is a fiduciary duty and a subsequent breach of that duty. Suttles, supra, at 193. Some Courts have also broadened the circumstances under which a constructive trust is an available remedy, even absent a finding of actual or constructive fraud or the breach of a fiduciary duty. Frederickson v. Blumenthal, 271 Ill.App.3d 738 (1st Dist. 1995).

Under the uncontroverted facts present in the instant case, it is clear to this Court that a constructive trust should be imposed upon the funds due to the Plaintiff. Unlike the Chapter 7 cases where Courts have been reluctant to impose a constructive trust, this case involves a Chapter 11 debtor in possession that received funds knowing that they were rightfully the property of the Plaintiff and, rather than remitting them to Plaintiff, chose to convert those funds for its own use. The subject funds were received post-petition, and the Court finds that imposing a constructive trust in this instance is appropriate and not unduly prejudicial to other unsecured creditors. While there is no direct evidence of an intent to defraud on the part of the Defendant/Debtor corporation, the facts clearly establish a wrongful conversion giving rise to the need for a constructive trust.

###